07 CIV 9932

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NIXA O' SULLIVAN, ELIO HAWKINS,
DANIEL JAMES O'SULLIVAN, an INFANT under
16 YEARS OLD;

                                   Plaintiff,

     - against -

DRUG ENFORCEMENT AGENCY,
DEA AGENT ANDREW, in his Individual and
Official Capacities, and
FIVE UNKNOWN NAMED AGENTS OF THE
DRUG ENFORCEMENT AGENCY
(DEA AGENTS JOHN DOE 1-5), all Individually
and in their Official Capacities;

                                   Defendants.

**JURY TRIAL DEMANDED**
-----------------------------------------------------------------X

        Plaintiff, by her attorney, James LeBow, Esq., complaining of the defendants,

respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action for monetary relief, including past economic loss, compensatory

damages, punitive damages, disbursements, costs and fees brought under Bivens v. Six

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 42 U.S.C.

§§1981, 1985, 1986, 1988 and grounded in rights secured by the Fourth, Fifth, Sixth and

Fourteenth Amendments to the United States Constitution, and other New York State causes

of action.  This is an action against the Drug Enforcement Agency, its agents and employees

for tortuous battery, false arrest, false and unlawful imprisonment, abuse of process,

intentional infliction of emotional harm, and violation of the civil rights and constitutional

1

rights of Ms. Nixa O' Sullivan, all caused by the negligent hiring, supervision, recklessness, and intentional actions of the Drug Enforcement Agency, its agents and employees. All acts were committed under color of law, thus depriving Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York.

2.    The DEA, and its agents and employees are liable for the unlawful acts and omissions committed by its agents and employees in this complaint. The DEA has direct oversight and bears responsibility for constitutional violations committed by its DEA Agents.

3.    Plaintiff, Nixa O' Sullivan, was subjected to a serious tortuous battery, falsely arrested, falsely seized, falsely detained, deprived of her freedom, maliciously and falsely accused, abused, subjected to violence, defamed and made to suffer injury to her body and mind, without reason, legal basis or justification by the Drug Enforcement Agency, its agents and employees, all who knew or should have known, or became aware that there was no merit to their accusations, battery, arrest, imprisonment and the continuance of said actions against Ms. O' Sullivan.

4.    The initial incident of the within matter arose on or about January 25, 2006 at 5:31 a.m. at Ms. O' Sullivan's residence at 289 Empire Boulevard, Apartment 4E in Brooklyn, New York.

5.    From on or about 5:31 a.m. to 7:10 a.m. on January 25, 2006, Plaintiff Nixa O' Sullivan was falsely accused, falsely arrested, falsely held, denied basic rights, subjected to wrongful and negligent actions by Defendants, and subjected to tortuous battery. She was denied her freedom despite the clear evidence showing that she should be freed, she was not afforded basic civil and constitutional protections, and was falsely imprisoned with the full complicity of the Drug Enforcement Agency. She was falsely accused and negligently held in violation

2

of her civil rights by the Drug Enforcement Agency, its agents and employees.

6.    Plaintiff, Ms. O' Sullivan, sustained severe damages, physical and emotional injuries, including, but not limited to, serious injury to her physical and mental health, violations of her civil rights, damage to her body, loss of freedom, loss of comfort, humiliation, shame, embarrassment, extreme mental and emotional harm and stress, and other injuries not yet fully ascertained.

## JURISDICTION

7.    This action is brought pursuant to 42 U.S.C. §§ 1981, Bivens, 1985, 1986 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law.

8.    That all conditions precedent to instituting the lawsuit have been complied with in a timely manner.

9.    Venue herein is proper under 28 U.S.C. § 1391 (b); the cause of action arose in the Southern District of New York.

## PARTIES

10.    During all times relevant to this Complaint, the Plaintiff Nixa O' Sullivan, was and still is a citizen of the United States, residing in the City of Brooklyn, State of New York.

11.    That defendant Drug Enforcement Agency (hereinafter "DEA") is a subsidiary agency of the Department of Homeland Security and Department of Justice, and was the direct

employer of DEA Agent Andrew, and unnamed Drug Enforcement Agency Agents John Does 1-5.

12.    That defendant DEA Agent Andrew was one of the six Drug Enforcement Agency Agents who supervised and participated in the unlawful seizure, arrest, investigation, and other constitutional violations committed upon the plaintiff.  Agent Andrew acted under color of law, and is being sued in his individual and official capacity.

13.    That defendant DEA Agents John Does 1-5 were the other five agents who supervised and participated in the unlawful seizure, arrest, investigation, and other constitutional violations committed upon the plaintiff.  DEA Agents John Does 1-5 acted under color of law, and are being sued in their individual and official capacity.

14.    During all times relevant to this Complaint the Defendants, and each of them, were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the United States of America and/or the State of New York and/or the City of New York.

15.    During all times relevant to this Complaint the Defendants, and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

16.    During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law

4

and the rights of the Plaintiff, but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants, and thereby became a party to the unnecessary subjection of harm and denial of the basic rights of the Plaintiff.

## FACTUAL ALLEGATIONS

17.    Plaintiff, Nixa O' Sullivan, reiterates and realleges each and every allegation contained in paragraphs 1 through 16 of this Complaint with the same force and effect as though set forth herein.

18.    The Plaintiff herein, Nixa O' Sullivan, is an educated, hard-working, Hispanic mother of Columbian origin with two children.  She is a professional trader at a major Japanese bank.

## THE UNLAWFUL ENTRY, SEIZURE, ARREST, AND TORTUOUS BATTERY

19.    On or about January 25, 2006 at 5:31 a.m., Ms. O'Sullivan was asleep with her family in their apartment bedroom when she heard a sudden, forceful banging on their front door. Their apartment is located on 289 Empire Boulevard, Apt 4E, in Brooklyn, New York 11225, 3550.  Half-asleep, Plaintiff Ms. O' Sullivan left her two children in the bedroom with her husband, and went to open the front door.

20.    When Ms. O' Sullivan opened the door, there were six guns pointed at her in the face. The six men behind these guns all shouted and screamed at Ms. O'Sullivan to get on the floor immediately.

21.    Ms. O' Sullivan, still half-asleep, shocked and paralyzed with confusion, stood still. Standing at 5 feet 3 inches, she is a small woman of diminutive stature.  This was when one of the Defendant DEA Agents violently and aggressively shoved Ms. O' Sullivan to the floor.  Still in a state of shock, Ms. O' Sullivan remained motionless on the floor.

22.    Ms. O' Sullivan was then handcuffed by the Defendants, who then dragged her by her hands to the kitchen.  In the meanwhile, Ms. O' Sullivan was in a state of confusion, but never received any reply to her repeated question as to what was going on.

23.    The Defendants John Does 1-6 of the DEA then propped Ms. O' Sullivan on the kitchen floor, and asked who else was in the residence.  Ms. O' Sullivan answered that her family, including her husband and two children (a 13-year old son and an infant daughter), were also in the apartment.

24.    Ms. O' Sullivan felt it was a mistake to disclose this information about her family to the Defendant DEA Agents, so she tried to get up in order to prevent the Defendant Agents from further harassing her household.

25.    The Defendants John Does 1-5 and Agent Andrew of the DEA, however, simply shoved tiny Ms. O' Sullivan back to the kitchen floor.

26.    While one unnamed DEA Agent John Doe 1 watched over Ms. O' Sullivan in the kitchen, the other Defendant DEA Agents went into the bedroom to find the rest of Ms. O' Sullivan's family.  The Defendant Agents entered the bedroom with their guns drawn, though it was merely Mr. O' Sullivan with his two children in the room.

27.    These five Defendant Agents then took Ms. O' Sullivan's husband in the living room and handcuffed him also.

28.    At this point, the Defendant DEA Agents then tried to take Ms. O' Sullivan's 13-year old son into the living room.  However, Ms. O' Sullivan's infant daughter was in a hysterical state of mind and crying loudly due to the violent and excessive commotion caused by the Defendant DEA Agents' actions.  So, upon Mr. O' Sullivan's earnest request that his son be allowed to look after their infant daughter, the Defendant Agents reluctantly acquiesced.

6

29.   The remaining Defendant DEA Agent left to watch over Ms. O' Sullivan then asked her

name.   Upon her reply, the Defendant Agent exclaimed, "We got her!"   All this while, Ms.

O' Sullivan and her husband pleaded with the DEA Agents as to what was going on, a

question for which they never obtained a reply.

30.   The Defendant DEA Agents then seized Ms. O' Sullivan's purse.   They searched in it for

her identification.   Upon finding her I.D., the Defendant DEA Agents huddled together and

compared it with their own picture of the suspect they were in search of.

31.   The Defendant Agents then showed Ms. O' Sullivan a picture of a girl who was much

taller and younger than her.   This girl actually bore little resemblance to Ms. O' Sullivan, and

demonstrated that the Agents did not investigate their case properly.   Furthermore, their

harassment of Ms. O' Sullivan even after seeing her in person proves that the Defendant

Agents' conduct was no doubt malicious, intentional, unlawful, and thereby unconstitutional.

32.   The Defendant Agents then asked if Ms. O' Sullivan recognized the girl.   This girl was

apparently some international fugitive, and that was why the DEA Agents were following

her.

33.   Ms. O' Sullivan denied knowledge of the girl, whose first name was "Aixa", as opposed

to "Nixa".   Additionally, the girl's last name was entirely different than Plaintiff Ms. O'

Sullivan's (it was a name of Spanish origin).   Yet, the Defendant Agents still continued their

unreasonable harassment and terrorization of Ms. O' Sullivan and her family by asking her

where she kept her illegal drugs.

34.   The Defendant DEA Agents then went into the living room to interrogate Mr. O'

Sullivan.   They asked Mr. O' Sullivan about whether he kept drugs in the house, why he

owned a fax machine, and other intrusive questions.   In spite of all that took place, the

7

Agents still kept the handcuffs on both Ms. O' Sullivan and her husband, and continued to terrorize the entire family with their intrusive search and seizure, relentless interrogation, and unlawful investigation.

35.    The Defendant DEA Agents, who had been so rude and brutal to Ms. O' Sullivan's family, finally removed everyone's handcuffs after nearly two hours. But before they had done so, they continued to intentionally terrorize Ms. O' Sullivan and her family with their brute, harsh conduct. They repeatedly accused Ms. O' Sullivan and her family of harboring illegal drugs.

36.    The Defendant DEA Agents finally left Ms. O' Sullivan's residence at about 7:10 a.m. They were at the O' Sullivan's residence for nearly two hours.


## THE DAMAGES AFTER THE INCIDENT

37.    The violent manner in which the Defendant DEA Agents manhandled Ms. O' Sullivan left her with bruises on her body and especially around her wrists where she was brutally handcuffed. Additionally, the psychological trauma caused her to see a therapist several times.

38.    Every time Ms. O' Sullivan sees a police officer now, she freezes, hyperventilates, and starts crying. This is because she has grown paranoid that the police are always following her. During such episodes, Mr. O' Sullivan would often have to leave work to rush to his wife's aide.

39.    Ms. O' Sullivan missed about 10 days of work due to depression from her episode, and she earns $25 an hour to support her family.

40.    Finally, Ms. O' Sullivan's social life has been ruined, she has had trouble raising her kids

because of her depression, and her entire family has also had to fight through episodes of depression due to the brutality of the Defendant DEA Agents' actions.

## AS AND FOR COUNT ONE

### *BIVENS - FOURTH. FIFTH. SIXTH and FOURTEENTH AMENDMENTS*

41.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 40 of this Complaint with the same force and effect as though fully set forth herein.

42.    On or about January 25, 2006, Plaintiff was subjected to tortuous battery, falsely arrested, falsely seized and falsely detained, deprived of her freedom, and unlawfully imprisoned by Defendants in violation of her civil and constitutional rights. All acts by the Defendants were committed under color of law, thus depriving Plaintiff of the rights secured by the Constitution and laws of the United States and the State of New York.

43.    On or about December 21, 2006, Defendant DEA Agent Andrew and John Does 1-5 subjected Plaintiff to tortuous battery, falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving her of her freedom. Said seizure was made unlawfully and without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime, or were at least grossly negligent, reckless, and malicious in assuming that Plaintiff was indeed a criminal fugitive.

44.    Upon information and belief such seizure, arrest, and detention was ordered and directed by the Defendant DEA, its agents and employees.

45.    Upon information and belief, the Defendants and each of them took an active role in recklessly and maliciously identifying the Plaintiff as a criminal perpetrator, solely for the purposes of effecting an improper arrest and not to effectuate justice.

46.    As part of the false arrest, detention and accusations, Defendants caused Plaintiff to be wrongfully seized in a very violent, tortuous manner, falsely arrested, falsely imprisoned, and deprived of her liberty without probable cause, and was further exposed to disgrace, physical injury and embarrassment.

47.    The Defendants individually and collectively knew at the time of Plaintiff's arrest and at all times since then that the evidence they had in connection with the investigation brought against Plaintiff was false, inconsistent with and insufficient to establish her guilt.  The Defendants' suspicions were based solely on their irrational and intentional insistence that Plaintiff was a criminal fugitive, even though Plaintiff looked entirely different and had a different name than the fugitive the DEA Agents intended to take into custody.

48.    Each of the Defendants separately and in concert acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of her right to freedom from illegal seizure of her person, freedom from illegal detention and imprisonment. All of these rights are secured to Plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Fourth Amendment, Sixth Amendment as well as the Equal Protection Clause of the Fourteenth Amendment and by Bivens.

49.    In arresting, detaining and interrogating Plaintiff, the Defendants and each of them knew or should have known they were violating laws of the State of New York and those statutory and constitutional rights set forth herein and have failed to prevent the same and therefore acted in concert to harm Plaintiff.

50.    As a direct and proximate result of the aforesaid acts of the Defendants and each of them,

Plaintiff suffered great physical harm, mental anguish and violation of rights from then until now and she will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants.

51.     Plaintiff was forced to incur great expense to the date of the filing of this Complaint for attorney's fees and other expenses in dealing with the unfounded and unwarranted allegations by the Defendants, which have been a serious burden to Plaintiff.

52.     That by reason of the foregoing, Plaintiff has been physically injured, placed in and exposed to disgrace, humiliation, and embarrassment and has been damaged in the sum of One Million ($1,000,000) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. § 1988, and punitive damages.

## AS AND FOR COUNT TWO

### *42 U.S.C. § 1981 and 1985*

53.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 52 of this Complaint with the same force and effect as though fully set forth herein.

54.     Defendant DEA, its agents and employees, conspired to deprive plaintiff of her Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully stop, injure, falsely detain, unlawfully accuse, wrongfully arrest and falsely imprison the Plaintiff and her family for an entire morning in her apartment, as described above in paragraphs 16 through 38 of this Complaint. Said acts were partially, or fully motivated by the race, color, and ethnic origin of plaintiff.

55.     Upon information and belief, the defendant DEA agents further deprived the Plaintiff of

detainment without probable cause, and by denying the plaintiff her Fifth Amendment rights via a conspiracy.

56.     In furtherance of said conspiracy, the Defendant Officers prolonged the Plaintiff's

detainment without probable cause, and by denying the plaintiff her Fifth Amendment rights via a conspiracy.

56.    In furtherance of said conspiracy, the Defendant Officers prolonged the Plaintiff's captivity, and failed to investigate the Plaintiff's protests that she was not the alleged runaway fugitive, by unlawfully initiating and continuing her imprisonment at her apartment without probable cause.

57.    Said actions by defendant DEA Agents denied the plaintiff her due process, and denied her equal protection under the laws. All of these rights are guaranteed to the plaintiff under U.S.C. 1981, Bivens, 1985, 1986 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

58.    By assisting in the prolonged detainment, interrogation, and investigation of the Plaintiff, the DEA Agents acted in concert and with the shared purpose of denying plaintiff her rights to freedom of movement, protection from unlawful seizure, procedural and substantive due process, and the right to equal protection under the laws. These rights are guaranteed to the plaintiff under the First, Fourth, Fifth, and Fourteenth Amendments, Bivens, as well as under 42 U.S.C. §§ 1981, 1985 and 1986.

59.    As a result of said conspiracy by the defendant DEA Agents, the plaintiff has been subjected to unnecessary and unsubstantiated interrogation, investigation, detention, brutality, and other due process violations.

60.    Plaintiff further suffered severe humiliation, anxiety, fear, physical, emotional and psychological harm, as a direct result of being brutalized, detained and imprisoned, manhandled, handcuffed, all without the comfort of her family.

61.    That by reason of the foregoing, Plaintiff has been damaged in the sum of One Million

($1,000,000) dollars.

## AS AND FOR COUNT THREE

### *42 U.S.C. § 1986*

62.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 61 of this Complaint with the same force and effect as though fully set forth herein.

63.     The false detainment, wrongful arrest, tortuous battery and other wrongful acts committed against the Plaintiff by the Defendant DEA Agents, constituted abuse of process, an unlawful seizure, breach of federal law enforcement procedures, and violations of the plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. The Defendant DEA Agents negligently and recklessly breached their duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against plaintiff, including violations of 42 U.S.C. § 1985, Bivens, and substantive and procedural due process infractions.

64.     The defendant DEA Agents, knew or should have known that the detainment, tortuous battery, false arrest, and wrongful imprisonment of plaintiff violated the plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments, Bivens, and 42 U.S.C. 1985 and 1986.

65.     Each of the said defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the Constitutional violations committed against plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the plaintiff when such violations did in fact occur.

66.     The exoneration of and refusal to discipline the Defendant DEA officers, detectives, and agents for their misconduct against plaintiff is neglectful of their duty to prevent the further

violations of plaintiff's right to compensation under <u>Bivens,</u> and <u>42 U.S.C. §§ 1985 and 1986</u>.

67.  As a result of the failure of the defendants to prevent these violations, the Plaintiff has suffered extreme fear, personal humiliation and degradation, emotional, physical, and psychological harm to the detriment of her health and her family.

68.  By reason of the foregoing, plaintiff has been damaged in the sum of One Million ($1,000,000) dollars.

## AS AND FOR COUNT FOUR

### *FALSE ARREST AND FALSE IMPRISONMENT*

69.  The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 75 of this Complaint with the same force and effect as though fully set forth herein.

70.  The Defendant DEA Agents lacked any probable cause to brutally arrest, hold, and detain the Plaintiff Nixa O' Sullivan in custody at her own residence for the prolonged period of two hours.

71.  Without such probable cause, Defendant DEA Agents wrongfully detained the Plaintiff Ms. O' Sullivan at her residence, and denied Plaintiff her freedom for a period of approximately two horrifying hours. During said time, Plaintiff was physically prevented from leaving the custody of the DEA, in that she was handcuffed and surrounded by DEA Agents, or kept under the custodial supervision of the DEA.

72.  As a result of said false arrest and false imprisonment, Plaintiff suffered and continues to suffer physical pain, great emotional and psychological harm, anxiety and personal fear, all due to the callous indifference of said Defendants in falsely accusing, falsely arresting, and

falsely imprisoning Nixa O' Sullivan.

73.     By reason of the foregoing, Plaintiff has been damaged in the sum of One Million ($1,000,000) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FIVE

### *NEGLIGENCE*

74.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 73 of this Complaint with the same force and effect as though fully set forth herein.

75.     The DEA Agents had a duty under Bivens, 42 U.S.C. §§ 1981, 1985 and 1986, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments, and under New York State Law, to prevent and cease the wrongful detainment, false arrest, false imprisonment, and malicious investigation against Plaintiff. The DEA, its agents and employees also had a duty to properly hire, train, investigate, supervise and discipline DEA Agents so they would not commit the wrongful acts that were committed against Plaintiff Nixa O' Sullivan.

76.     By failing to prevent the above stated abuses committed against Ms. O' Sullivan, all of the Defendants acted unreasonably, recklessly, and negligently by not exercising the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against an illegal search and seizure, and for arresting and detaining Plaintiff without probable cause, and for other due process violations. Said rights are guaranteed to the Plaintiff by Bivens and by the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution.

77.     The breach of duty by the DEA, and its agents and employees was a direct and proximate

cause of the harm suffered by Plaintiff Nixa O' Sullivan, and therefore constitutes a valid cause of action for negligence against Defendants. Said harm includes physical harm, pain and suffering which continues to this day, monetary expenses in loss of work, personal humiliation, and severe physical, emotional, and psychological damage to Plaintiff.

78. By reason of the foregoing, Plaintiff has been damaged in the sum of One Million ($1,000,000) dollars including the cost of this action, attorneys fees pursuant 42 U.S.C. § 1988, and punitive damages.

## AS AND FOR COUNT SIX

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

79. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 85 of this Complaint with the same force and effect as though fully set forth herein.

80. The DEA, its agents and employees committed extreme and outrageously for their above-stated roles in the wrongful and brutal search, seizure, stop, detainment, false arrest, prolonged imprisonment, intimidation and humiliation of the Plaintiff Nixa O' Sullivan.

81. Said emotional harm was exacerbated by the brutal terrorizing of the Plaintiff and her family in her home by Defendants. The Defendants, without basis, yet investigated, detained, imprisoned, and denied Plaintiff of her freedom with the intention of causing extreme further harm, distress, and duress to the Plaintiff Ms. O' Sullivan.

82. The Defendants knew that their conduct would cause severe and extreme emotional harm to Plaintiff.

83. Said harm did in fact occur in this case, in that the Plaintiff was debilitated to the point

where she still suffers from episodes of anxiety, hyperventilation, anger, depression, loss of sleep, and other factors - all to the extent that the Plaintiff is in need of counseling by a psychiatrist or similar health care provider to deal with her emotional distress.  Plaintiff has also had emotional difficulty in helping her family cope with the psychological harm caused by the defendants' actions.

84.    By reason of the foregoing, Plaintiff has been damaged in the sum of One Million ($1,000,000) dollars.

## AS AND FOR COUNT SEVEN

### *Based Upon Excessive Force In Violation Of The 4th And 14th Amendments*

85.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 84 of this Complaint with the same force and effect as though fully set forth herein.

86.    The unprovoked and brutal attack upon the 5 feet 3 inch tall female plaintiff Nixa O' Sullivan by DEA Agents constituted an application of excessive force in violation of the 4th Amendment to the United States Constitution, as made applicable to the States through the 14th Amendment.

87.    Moreover, this attack violated the 14th Amendment's substantive due process component.

88.    The unlawful acts complained of were carried out by the Defendant DEA Agents, who either carried out the brutally harsh search and seizure, or failed to intercede, to prevent, and to stop the terrorization of Plaintiff.

89.    All DEA Agents complained of herein are alleged to have been acting under color of state law and at all times were acting intentionally and willfully.

17

90.    The unlawful acts and omissions complained of herein were proximately caused by the DEA's deliberate indifference towards protecting members of the public from acts of excessive force by DEA Agents, as evidenced by its inadequate hiring, training, and supervising of Agents. The violations committed also reflected inadequate policy by the DEA concerning the disciplining of DEA Agents who have been shown to have violated the constitution and laws of the United States.

91.    As a result of the allegations set forth in this Count, the Plaintiff has experienced great physical and emotional pain and suffering, and has incurred special damages, all in an amount to be determined at trial, but not less than One Million ($1,000,000) dollars.

## AS AND FOR COUNT EIGHT

### *Battery*

92.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 98 of this Complaint with the same force and effect as though fully set forth herein.

93.    The unidentified DEA Agents John Does 1-6 made excessive, unlawful and unprivileged bodily contact with the Plaintiff Nixa O' Sullivan by the brutal way they shoved her repeatedly, manhandled her and handcuffed her, as set forth above.

94.    The subject DEA Agents were acting intentionally and recklessly, and within the scope of their duties as federal investigative agents of the DEA.

95.    Such unlawful physical contact constitutes a battery under New York Law.

96.    The DEA is liable for the unlawful acts and omissions complained of in this Count under the doctrine of *respondeat superior.*

97.     As a result of the allegations set forth in this Count, the Plaintiff has experienced great

physical and emotional pain and suffering, and has incurred special damages, all in an

amount to be determined at trial, but not less than One Million ($1,000,000) dollars.


**Wherefore,** Plaintiff demands judgment against Defendants:

(A) As and for Count One in the sum of One Million ($1,000,000) dollars;

(B) As and for Count Two in the sum of One Million ($1,000,000) dollars;

(C) As and for Count Three in the sum of One Million ($1,000,000) dollars;

(D) As and for Count Four in the sum of One Million ($1,000,000) dollars;

(E) As and for Count Five in the sum of One Million ($1,000,000) dollars;

(F) As and for Count Six in the sum of One Million ($1,000,000) dollars;

(G) As and for Count Seven in the sum of One Million ($1,000,000) dollars;

(H) As and for Count Eight in the sum of One Million ($1,000,000) dollars.;

Award such other and further relief as this Court may deem appropriate.


Dated: New York, New York                    Respectfully Submitted
       November 8, 2007

                                       By: _____
                                           James B. LeBow ( JL 4535 )
                                           *Attorney of Plaintiff*
                                           Nixa O'Sullivan

                                           488 Madison Avenue, Suite 1100
                                           New York, New York 10022
                                           212-868-3311 (tel)

19